**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

EMERALD INTERNATIONAL HOLDINGS LTD.

        Plaintiff,

                                              16-CV-0978-A

    v.                                        **DECISION AND ORDER**

VERIZON,

        Defendant.
_____

        Plaintiff Emerald International Holdings Ltd. seeks slightly more than $250,000 in damages from Defendant Verizon based on a number of claims that appear to arise out of Defendant's alleged disruption of the Plaintiff's telephone service.

        Plaintiff purports to be represented in this case by Otu A. Obot.[1]  Mr. Obot's relationship to Emerald International Holdings is not clear.  It is clear, however, that Mr. Obot is not an attorney licensed to practice law in this Court or in New York State.  Thus, on January 3, 2017, the Court entered an order noting that "it is established" that "a natural person must represent [a] corporation in court," and that the Second Circuit has "insisted that that person be an attorney licensed to practice law."  Docket No. 3 (quoting *Jones v. NFTA*, 722 F.2d 20, 22 (2d Cir. 1983).  The Court therefore directed that, on or before February 2, 2017, Plaintiff "shall appear through counsel licensed to practice law in this Court."  *Id.*  The Court warned that "[f]ailure to comply with this order will result in dismissal."  *Id.*

---

[1]  The Court notes that Mr. Obot has, in his individual capacity, recently filed another lawsuit against Verizon.  *See Obot v. Verizon Comm.*, 16-CV-894-A (W.D.N.Y.).  A motion to dismiss remains pending in that case.

In response, Mr. Obot filed a notice stating that "New York's First Department and the Second Department have each held that an individual assignee of a Corporation may sue without a lawyer."  Docket No. 4.  The state court decisions Mr. Obot cites support that proposition, but the Second Circuit has made clear that an individual may not "circumvent[]" the rule prohibiting a non-attorney from representing a corporation in federal court "by the procedural device of an assignment of the corporation's claims to the lay individual."  *Jones*, 722 F.2d at 23.  *See also Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) ("[A] layperson may not represent a corporation in which he is the sole shareholder, a limited liability company of which he is the sole member, or a partnership where he is a partner. . . . Although Appellant's complaint alleged that a corporation . . . had assigned its claims to him, we have specifically barred the assignment of claims by a corporation to a layperson so as to permit the layperson to proceed *pro se*.") (citations omitted).  Plaintiff's purported assignment of its claims to Mr. Obot is, therefore, insufficient to allow Mr. Obot to prosecute this case on Plaintiff's behalf.

Finally, Mr. Obot's January 17, 2017 notice suggests (but does not state) that Mr. Obot is an attorney.  Specifically, the notice is signed:

> Out A. Obot, LL.M. (ihr)
> St. Thomas University School of Law
> Miami, Florida (2004)

Regardless of whether Mr. Obot has attained an L.L.M. degree, he has not satisfied the Court that he is an attorney licensed to practice law in this or any other Court.  And even if he is an attorney licensed to practice law in some other jurisdiction, Mr. Obot's performance in other cases before the Court show that, even with an L.L.M. degree, Mr.

Obot does not "possess[] the level of legal sophistication necessary to present this case" on behalf of another party.  *Jones*, 722 F.2d at 22 (quotation marks omitted).  *See, e.g.*, *Obot v. Navient*, 16-CV-102-A, 2017 WL 344957 (W.D.N.Y. Jan. 24, 2017) (dismissing complaint after numerous attempt at proper service); *Obot v. I.R.S.*, No. 12-CV-1053-A, 2015 WL 728489 (W.D.N.Y. Feb. 19, 2015).

For all practical purposes, Mr. Obot is, therefore, a non-attorney.  As a result, he may not pursue claims on behalf of Plaintiff.  And, as the Court warned in its January 3, 2017 order, the Court will dismiss the complaint for failure to appear through an attorney licensed to practice law in this Court.  *Cf. Christa Const., LLC v. Connelly Drywall, LLC*, 879 F. Supp. 2d 389, 391-92 (W.D.N.Y. 2012) (granting default judgment against corporate defendant that did not appear through counsel).

The Clerk of the Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: February 2, 2017               __s/Richard J. Arcara_____
     Buffalo, New York               HONORABLE RICHARD J. ARCARA
                                       UNITED STATES DISTRICT JUDGE